1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   J. MARK CHILDS (Cal. Bar No. 162684)
4  BENJAMIN R. BARRON (Cal. Bar No. 257094)
   Assistant United States Attorney
5  OCDETF Section
        1400 United States Courthouse
6        312 North Spring Street
        Los Angeles, California 90012
7        Telephone: (213) 894-2433/3542
        Facsimile: (213) 894-0142
8        E-mail:   mark.childs@usdoj.gov
        E-mail:   ben.barron@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                    UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. CR 12-1135(A)-RGK

14            Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                      VIANNA ROMAN
15            v.

16 VIANNA ROMAN, et al.,

17            Defendants.

18

19      1.    This constitutes the plea agreement between VIANNA ROMAN

20 ("defendant") and the United States Attorney's Office for the

21 Central District of California ("the USAO") in the above-captioned

22 case.  This agreement is limited to the USAO and cannot bind any

23 other federal, state, local, or foreign prosecuting, enforcement,

24 administrative, or regulatory authorities.

25                    DEFENDANT'S OBLIGATIONS

26      2.    Defendant agrees to:

27           a)   At the earliest opportunity requested by the USAO and

28 provided by the Court, appear and plead guilty to the offenses of

                                    1

(i) violation of Title 18, United States Code, Section 1962(d), as charged in Count One of the First Superseding Indictment ("FSI") in the above-captioned case; (ii) violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), as charged in Count Seven of the FSI in the above-captioned case; and (iii) possession of a firearm in furtherance of a drug trafficking offense and a crime of violence, in violation of 18 U.S.C. § 924(c) as charged in Count Eighteen of the FSI in the above-captioned case .

       b)    Not contest facts agreed to in this agreement.

       c)    Abide by all agreements regarding sentencing contained in this agreement.

       d)    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e)    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines" or "Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f)    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g)    Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

       h)    Not to file a motion to withdraw defendant's guilty plea, including, but not limited to, based on a claim relating to defendant's decision to proceed pro se in this case.

1    i)    Not to file a notice of appeal in this case, so long

2 as the Court imposes a term of imprisonment no greater than 248

3 months imprisonment.

4    j)    Not to file a motion under 18 U.S.C. § 3582(c) based

5 on the pending amendment to the Sentencing Guidelines addressed in

6 paragraph 25 below.

7                        THE USAO'S OBLIGATIONS

8    3.    The USAO agrees to:

9    a)    Not contest facts agreed to in this agreement.

10    b)    Abide by all agreements regarding sentencing

11 contained in this agreement.

12    c)    At the time of sentencing, move to dismiss the

13 remaining counts of the FSI and of the original indictment as

14 against defendant.  Defendant agrees, however, that at the time of

15 sentencing the Court may consider any dismissed charges in

16 determining the applicable Sentencing Guidelines range, the

17 propriety and extent of any departure from that range, and the

18 sentence to be imposed.

19    d)    At the time of sentencing, provided that defendant

20 demonstrates an acceptance of responsibility for the offense up to

21 and including the time of sentencing, recommend a two-level

22 reduction in the applicable Sentencing Guidelines offense level,

23 pursuant to U.S.S.G. § 3E1.1.

24                        NATURE OF THE OFFENSES

25    4.    Defendant understands that for defendant to be guilty of

26 the crime charged in Count One (violation of Title 18, United States

27 Code, Section 1962(d)), the following must be true: First, the

28 enterprise alleged in Count One of the above-captioned FSI existed;

3

second, the enterprise was engaged in, or its activities affected interstate or foreign commerce; and third, the defendant, who was employed by or associated with the enterprise, knowingly agreed that a co-conspirator would conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. "Racketeering activity" includes any act or threat involving murder, kidnaping, robbery, extortion, or dealing in a controlled substance, which is chargeable under state law and punishable by imprisonment for more than one year.

A "pattern of racketeering activity" is at least two racketeering acts that the defendant agreed a conspirator would commit, the last of which occurred within ten years after the commission of a prior act of racketeering.  To establish a pattern, the racketeering acts much have "nexus" to the enterprise and be related, i.e., criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated.  The racketeering acts themselves must either extend over a substantial period of time or they must pose a threat of continued criminal activity.

Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the FSI.

5.    Defendant understands that for defendant to be guilty of the crime charged in Count Seven (violation of Title 21, United

4

States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)), the following must be true: First, on the dates set forth in the FSI, there was an agreement between two or more persons to distribute, or possess with intent to distribute, methamphetamine, a controlled substance; and second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose. Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the indictment.

6.   Defendant further understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute at least 50 grams of methamphetamine.   Defendant admits that defendant, in fact, conspired to distribute at least 50 grams of methamphetamine.

7.   Defendant understands that for defendant to be guilty of the crime charged in Count Eighteen of the FSI (violation of Title 18, United States Code, Section 924(c)(1)(A)), the following must be true: First, on the dates set forth in the FSI, defendant committed the crime of conspiracy to commit racketeering offenses, a crime of violence, in violation of Title 18, United States Code, Section 1962(d), as charged in Count One of the FSI; second, on the dates set forth in the information, defendant knowingly possessed a firearm; and, third, defendant possessed the firearm in furtherance of the crime of violence charged in Count One of the FSI.   Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the FSI.

PENALTIES

8.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1962(d), is: a 20-year term of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), is: a lifetime term of imprisonment; a lifetime term of supervised release; a fine of $10 million or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 846, 841(b)(1)(A) is: ten years-imprisonment, followed by a 5-year period of supervised release.

10.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 924(c)(1)(A), as charged in Count Eighteen of the Indictment is: lifetime imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Defendant understands that the Court must sentence defendant to a term of at least 5 years imprisonment on Count Eighteen, which must run consecutive to any term of imprisonment imposed for the other counts of the FSI.

11.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: lifetime imprisonment; lifetime period of supervised release; a fine of $10,500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.   In addition, defendant understands that defendant faces a total mandatory minimum sentence of 15 years imprisonment.

12.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.   Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that

1  unanticipated collateral consequences will not serve as grounds to
2  withdraw defendant's guilty plea.

3     14.   Defendant understands that, if defendant is not a United
4  States citizen, the felony conviction in this case may subject
5  defendant to: removal, also known as deportation, which may, under
6  some circumstances, be mandatory; denial of citizenship; and denial
7  of admission to the United States in the future.  The court cannot,
8  and defendant's attorney also may not be able to, advise defendant
9  fully regarding the immigration consequences of the felony
10 conviction in this case.  Defendant understands that unexpected
11 immigration consequences will not serve as grounds to withdraw
12 defendant's guilty plea.

13    15.   Defendant understands that under 21 U.S.C. § 862a,
14 defendant will not be eligible for assistance under state programs
15 funded under the Social Security Act or Federal Food Stamp Act or
16 for federal food stamp program benefits, and that any such benefits
17 or assistance received by defendant's family members will be reduced
18 to reflect defendant's ineligibility.

19                             FACTUAL BASIS

20    16.   Defendant admits that defendant is, in fact, guilty of the
21 offenses to which defendant is agreeing to plead guilty.  Defendant
22 and the USAO agree to the statement of facts provided below and
23 agree that this statement of facts is sufficient to support pleas of
24 guilty to the charges described in this agreement and to establish
25 the Sentencing Guidelines factors set forth in paragraph 0 below but
26 is not meant to be a complete recitation of all facts relevant to
27 the underlying criminal conduct or all facts known to either party
28 that relate to that conduct.

1

2      Throughout the period described in the above-captioned FSI, the

3   Harpys criminal street gang ("HPS") is and was a criminal enterprise

4   composed of a group of individuals associated for a common purpose

5   of engaging in a course of conduct, which course includes

6   trafficking, and conspiring to traffic, controlled substances in

7   violation of Title 21, United States Code, Sections 846 and

8   841(a)(1).  Members and associates of the HPS control a portion of

9   South Los Angeles by, among other things, prohibiting the sale of

10  controlled substances by individuals who are not members,

11  affiliates, or clients of the HPS; collecting extorted payments

12  ("taxes") from vendors at the Alameda Swap Meet, a commercial

13  enterprise located near HPS territory; collecting "taxes" from HPS

14  and HPS-affiliated gang members; and conducting surveillance against

15  rival gang members and members of law enforcement.  HPS is part of a

16  larger prison gang coalition of Hispanic street gangs throughout

17  Southern California.

18      As a result of such criminal activities, throughout the period

19  described in the above-captioned FSI, and as known to defendant, HPS

20  members and associates engaged in, and their activities in some way

21  affected, commerce between one state and another state.

22      The HPS operates under the authority of Danny Roman ("D.

23  Roman"), who is a member of the HPS.  D. Roman is serving a term of

24  life imprisonment without the possibility of parole at Pelican Bay

25  State Prison.  Defendant (D. Roman's daughter) would meet with D.

26  Roman, during which meetings defendant would pass information to D.

27  Roman relating to the HPS and to HPS-affiliated gangs operating

28  under D. Roman's authority.  There, defendant would issue orders

9

1  emanating from D. Roman to other high-ranking members and associates

2  of the HPS, which defendant knew would be relayed to others within

3  the enterprise.  Defendant used property that defendant owned,

4  located on 62nd Street and Compton Avenue in Los Angeles, California

5  to hold such meetings.

6       In furtherance of the conspiracy, defendant conspired and

7  agreed that the HPS would collect "tax" payments from HPS and HPS-

8  affiliated gangs, namely, those gangs operating under D. Roman's

9  authority.  As defendant knew: (1) paying the "taxes" enabled the

10  HPS-affiliated gangs to continue to sell controlled substances

11  within their respective territories; (2) when HPS-affiliated gangs

12  failed to pay adequate "taxes," HPS members would instruct those

13  gangs to sell additional quantities of controlled substances to make

14  the required payments; and (3) any HPS-affiliated gang that failed

15  to pay such "taxes" would be threatened or would receive violent

16  retribution from the HPS, thus causing those gangs to continue to

17  sell controlled substances in order to pay the "taxes."

18       Defendant admits that, in furtherance of the conspiracy, HPS

19  and HPS-affiliated gangs distributed, and possessed with intent to

20  distribute, at least 150 grams of actual methamphetamine.

21       On December 6, 2012, at her residence on Compton Avenue in Los

22  Angeles, defendant possessed a .45 caliber Smith & Wesson model

23  SW1911 semi-automatic pistol, bearing serial number JRD0662, and

24  ammunition, namely, eight rounds of Remington .45 caliber

25  ammunition.  Defendant possessed this firearm and ammunition as

26  protection against rival gang members and others who might attack

27  defendant due to her activities connected to her participation in

28

the conspiracy in this case.   The firearm and ammunition had previously traveled in interstate commerce.

### SENTENCING FACTORS

17.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

///

///

///

1      18.   Defendant and the USAO agree to the following applicable

2   Sentencing Guidelines factors:

3          **Counts One and Seven:**

4          Base Offense Level:          34          U.S.S.G. § 2D1.1(c)

5          Possession of Firearm:      +2          U.S.S.G. § 2D1.1(b)(1)

6          Role:                       +4          U.S.S.G. § 3B1.1(a)

7          Acceptance of Responsibility: -2          U.S.S.G. § 3E1.1

8          Stipulated Departure:       -2[1]

9          **Total Offense Level:**     **36**

10  The USAO will agree to a two-level downward adjustment for

11  acceptance of responsibility only if the conditions set forth in

12  paragraph 2 are met.  Subject to paragraph 31 below, defendant and

13  the USAO agree not to seek, argue, or suggest in any way, either

14  orally or in writing, that any other specific offense

15  characteristics, adjustments, or departures relating to the offense

16  level be imposed.  Defendant agrees, however, that if, after signing

17  this agreement but prior to sentencing, defendant were to commit an

18  act, or the USAO were to discover a previously undiscovered act

19  committed by defendant prior to signing this agreement, which act,

20  in the judgment of the USAO, constituted obstruction of justice

21  within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to

22  seek the enhancement set forth in that section.  Defendant

23  understands that the Court must sentence defendant to a term of 60

24

25          [1] The parties agree that, in light of the Sentencing
26  Commission's April 10, 2014, approval of an amendment to the Drug
    Quantity Table found in subsection (c) of U.S.S.G. § 2D1.1, the
27  Court should exercise the discretion conferred by Kimbrough v.
    United States, 552 U.S. 85, 101 (2007), to reduce defendant's total
28  offense level by two levels.

                                     12

1   months imprisonment on Count Eighteen, which must run consecutive to
2   any term of imprisonment imposed for Counts One and Seven.

3        19.   Defendant understands that there is no agreement as to
4   defendant's criminal history or criminal history category.

5        20.   Defendant and the government reserve the right to argue
6   for a sentence outside the sentencing range established by the
7   Sentencing Guidelines based on the factors set forth in 18 U.S.C.
8   § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).  However, the USAO
9   agrees to recommend a term of imprisonment no higher than 248
10  months.

## WAIVER OF CONSTITUTIONAL RIGHTS

12       21.   Defendant understands that by pleading guilty, defendant
13  gives up the following rights:

14             a)   The right to persist in a plea of not guilty.

15             b)   The right to a speedy and public trial by jury.

16             c)   The right to be represented by counsel – and if
17  necessary have the court appoint counsel - at trial.  Defendant
18  understands, however, that, defendant retains the right to be
19  represented by counsel – and if necessary have the court appoint
20  counsel – at every other stage of the proceeding.

21             d)   The right to be presumed innocent and to have the
22  burden of proof placed on the government to prove defendant guilty
23  beyond a reasonable doubt.

24             e)   The right to confront and cross-examine witnesses
25  against defendant.

26             f)   The right to testify and to present evidence in
27  opposition to the charges, including the right to compel the
28  attendance of witnesses to testify.

1        g)   The right not to be compelled to testify, and, if

2 defendant chose not to testify or present evidence, to have that

3 choice not be used against defendant.

4        h)   Any and all rights to pursue any affirmative

5 defenses, Fourth Amendment or Fifth Amendment claims, and other

6 pretrial motions that have been filed or could be filed.

7 WAIVER OF APPEAL OF CONVICTION

8    22.  Defendant understands that, with the exception of an

9 appeal based on a claim that defendant's guilty pleas were

10 involuntary, by pleading guilty defendant is waiving and giving up

11 any right to appeal defendant's convictions on the offenses to which

12 defendant is pleading guilty.

13 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

14    23.  Defendant agrees that, provided the Court imposes a total

15 term of imprisonment on all counts of conviction of no more than 248

16 months, defendant gives up the right to appeal all of the following:

17 (a) the procedures and calculations used to determine and impose any

18 portion of the sentence; (b) the term of imprisonment imposed by the

19 Court; (c) the fine imposed by the court, provided it is within the

20 statutory maximum; (d) the term of probation or supervised release

21 imposed by the Court, provided it is within the statutory maximum;

22 and (e) any of the following conditions of probation or supervised

23 release imposed by the Court: the conditions set forth in General

24 Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

25 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

26 alcohol and drug use conditions authorized by 18 U.S.C.

27 § 3563(b)(7).

28

14

1    24.    Provided all portions of the sentence are at or above a

2    20-year term of imprisonment, the USAO gives up its right to appeal

3    any portion of the sentence.

4    WAIVER OF RIGHT TO FILE 18 U.S.C. § 3582(c)(2) MOTION TO REDUCE

5                                SENTENCE

6    25.    Should the Sentencing Commission's April 10, 2014,

7    amendment to the Drug Quantity Table go into effect and be made

8    retroactive by the Sentencing Commission, and provided that the

9    Court grants defendant the two-level downward variance (to which the

10   parties stipulated in paragraph 18) from her current offense level

11   to give him the benefit of that amendment, defendant agrees to waive

12   any right that he may have to file a motion to reduce his sentence

13   pursuant to 18 U.S.C. § 3582(c)(2) based on that amendment.

14                    RESULT OF WITHDRAWAL OF GUILTY PLEA

15   26.    Defendant agrees that if, after entering guilty pleas

16   pursuant to this agreement, defendant seeks to withdraw and succeeds

17   in withdrawing defendant's guilty pleas on any basis, then (a) the

18   USAO will be relieved of all of its obligations under this

19   agreement; and (b) should the USAO choose to pursue any charge or

20   any allegation of a prior conviction for a felony drug offense that

21   was either dismissed or not filed as a result of this agreement,

22   then (i) any applicable statute of limitations will be tolled

23   between the date of defendant's signing of this agreement and the

24   filing commencing any such action; and (ii) defendant waives and

25   gives up all defenses based on the statute of limitations, any claim

26   of pre-indictment delay, or any speedy trial claim with respect to

27   any such action, except to the extent that such defenses existed as

28   of the date of defendant's signing this agreement.

1

EFFECTIVE DATE OF AGREEMENT

2     27.  This agreement is effective upon signature and execution

3 of all required certifications by defendant, defendant's counsel,

4 and an Assistant United States Attorney.

5

BREACH OF AGREEMENT

6     28.  Defendant agrees that if defendant, at any time after the

7 signature of this agreement and execution of all required

8 certifications by defendant, defendant's counsel, and an Assistant

9 United States Attorney, knowingly violates or fails to perform any

10 of defendant's obligations under this agreement ("a breach"), the

11 USAO may declare this agreement breached.  All of defendant's

12 obligations are material, a single breach of this agreement is

13 sufficient for the USAO to declare a breach, and defendant shall not

14 be deemed to have cured a breach without the express agreement of

15 the USAO in writing.  For instance, defendant's failure to plead

16 guilty as required is a breach of this agreement.  If the USAO

17 declares this agreement breached, and the Court finds such a breach

18 to have occurred, then: (a) if defendant has previously entered

19 guilty pleas pursuant to this agreement, defendant will not be able

20 to withdraw the guilty pleas; (b) defendant agrees to give up his

21 right to move to withdraw the guilty pleas; (c) the USAO will be

22 relieved of all its obligations under this agreement, and (d) the

23 Court's failure to follow any recommendation or request regarding

24 sentence set forth in this agreement will not provide a basis for

25 defendant to withdraw defendant's guilty pleas.

26     29.  Following the Court's finding of a knowing breach of this

27 agreement by defendant, should the USAO choose to pursue any charge

28

16

1  in the FSI, or any charge that was either dismissed or not filed as

2  a result of this agreement, then:

3  　　　　a)  Defendant waives and gives up all defenses based on

4  the statute of limitations, any claim of pre- or post-indictment

5  delay, or any speedy trial claim with respect to any such action.

6  　　　　b)  Defendant agrees that: (i) any statements made by

7  defendant, under oath, at the guilty plea hearing (if such a hearing

8  occurred prior to the breach); (ii) the agreed to factual basis

9  statement in this agreement; (iii) any evidence derived from such

10  statements, shall be admissible against defendant in any such action

11  against defendant, and defendant waives and gives up any claim under

12  the United States Constitution, any statute, Rule 410 of the Federal

13  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

14  Procedure, or any other federal rule, that the statements or any

15  evidence derived from the statements should be suppressed or are

16  inadmissible; and (iv) any such statements are, in fact, statements

17  of defendant and waives and gives up any argument that such

18  statements are not statements of defendant.

19  　　　　　　COURT AND PROBATION OFFICE NOT PARTIES

20  　　30.  Defendant understands that the Court and the United States

21  Probation Office are not parties to this agreement and need not

22  accept any of the USAO's sentencing recommendations or the parties'

23  agreements to facts or sentencing factors.

24  　　31.  Defendant understands that both defendant and the USAO are

25  free to: (a) supplement the facts by supplying relevant information

26  to the United States Probation Office and the Court, (b) correct any

27  and all factual misstatements relating to the Court's Sentencing

28  Guidelines calculations and determination of sentence, and (c) argue

on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____          5/1/14
BENJAMIN R. BARRON                        Date
Assistant United States Attorney

_____          5/1/14
VIANNA ROMAN                              Date
Defendant


CERTIFICATION OF DEFENDANT

I, VIANNA ROMAN, understand that I have the right to be represented by an attorney in connection with my decision to enter into a plea agreement with the government in this case.  At my request, the Court granted my motion to represent myself pro se.  I understand that, in doing so, I gave up the opportunity to utilize an attorney's experience and professional training in advising me as to whether to enter into this plea agreement.  I waive and give up any right to contest this plea agreement or my guilty plea resulting therefrom based on my decision to proceed pro se.  I knowingly give up that right and continue to wish to proceed without the opportunity to be represented by an attorney.  I have read this agreement and carefully considered it.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have

1  considered my rights, possible defenses, the sentencing factors set
2  forth in 18 U.S.C. § 3553(a), the relevant Sentencing Guidelines
3  provisions, and of the consequences of entering into this agreement.
4  No promises or inducements have been given to me other than those
5  contained in this agreement.   No one has threatened or forced me in
6  any way to enter into this agreement.
7
8  _____          _____
   VIANNA ROMAN                        5/1/14
9  Defendant                          Date

10

11      DEFENDANT VIANNA ROMAN'S  WAIVER OF RIGHT TO FILE 18 U.S.C.
12              § 3582(c)(2) MOTION TO REDUCE SENTENCE
13      I, VIANNA ROMAN, understand that on April 10, 2014, the United
14  States Sentencing Commission approved an amendment to the Drug
15  Quantity Table found in subsection (c) of § 2D1.1 of the Sentencing
16  Guidelines that would reduce the base offense level for the kind of
17  offense that I committed by two levels.   I also understand that,
18  because that amendment has not yet gone into effect, I am not
19  presently entitled to a reduction of my base offense level.   I
20  further understand that, after I am sentenced, I would only be
21  eligible for a reduction of my sentence pursuant to 18 U.S.C.
22  § 3582(c)(2) if both the amendment goes into effect and the
23  Sentencing Commission makes the amendment expressly retroactive.
24      So as to give me the practical benefit of the amendment now,
25  the government has agreed to recommend a two-level downward variance
26  from my current offense level, provided that I agree to waive any
27  right that I may have to file a motion to reduce my sentence
28  pursuant to 18 U.S.C. § 3582(c)(2) based on the amendment in the

1    event the amendment goes into effect and is made retroactive by the

2    Sentencing Commission.

3         I have had enough time to consider and thoroughly discuss the

4    government's proposal, and I understand the circumstances under

5    which a defendant is eligible to move for a sentence reduction

6    pursuant to 18 U.S.C. § 3582(c), how the Sentencing Guidelines are

7    amended, and how and when they are made retroactive.  I agree that

8    it is in my best interests to accept the government's proposal.

9    Accordingly, provided that the government does recommend a two-level

10   downward variance from my current offense level to give me the

11   benefit of the Sentencing Commission's April 10, 2014, amendment to

12   the Drug Quantity Table and that the Court grants me the variance,

13   and provided that the Court grants defendant the two-level downward

14   variance (to which the parties stipulated in paragraph 18) from her

15   current offense level to give him the benefit of that amendment, I

16   agree to waive any right that I may have to file a motion to reduce

17   my sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the

18   amendment in the event the amendment goes into effect and is made

19   retroactive by the Sentencing Commission.

20

21                                              5/1/14

     _____        _____
22   VIANNA ROMAN                            Date
     Defendant

23

24

25

26

27

28